**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RICARDO JOSE CARRASCO MORENO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-713-KC** |
| **WARDEN, EL PASO PROCESSING CENTER et al.,** | § § § § | |
| **Respondents.** | § § | |

<u>**ORDER**</u>

On this day, the Court considered Ricardo Jose Carrasco Moreno's Petition for a Writ of Habeas Corpus, ECF No. 1, and Motion for a Temporary Restraining Order ("Motion"), ECF No. 5.

## I.      MOTION FOR TEMPORARY RESTRAINING ORDER

Carrasco Moreno seeks a temporary restraining order ("TRO") "to require Respondents to return [him] to the jurisdiction of this Court and prevent his transfer elsewhere during the pendency of these proceedings." Mot. 1–2. He informs the Court that on the night that he filed the Petition, March 11, 2026, he was transferred from El Paso, Texas, to a detention facility in Estancia, New Mexico. *Id.* at ¶¶ 1–2. On March 12, this Court issued a Show Cause Order, ECF No. 3, and ordered Respondents to not remove or deport Carrasco Moreno from the United States or transfer him outside the Western District of Texas. Carrasco Moreno argues that a TRO ordering his return "is necessary in aid of jurisdiction because habeas is governed by the district-of-confinement/immediate-custodian rule, and transfer can frustrate effective review." Mot. ¶ 30 (citations omitted). He also argues that his transfer "hundreds of miles away from his

family and legal counsel further exacerbates the harm he suffers" from his continued unlawful detention. *Id.* ¶ 20. And that if he is released in Estancia, New Mexico, he will not have "the proper resources or support necessary to return to his home in El Paso." *Id.* ¶ 25.

As an initial matter, Respondents state that because the Court did not issue an order preventing Carrasco Moreno's transfer until March 12, his transfer on March 11 did not violate the Court's Order.[1] Resp. 23, ECF No. 6. Respondents are correct. Nonetheless, Carrasco Moreno argues that a TRO ordering his return is still warranted because it is necessary to preserve the Court's jurisdiction. Mot. ¶ 30. But transportation to a different facility does not divest the Court of jurisdiction over the habeas Petition. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025). And Carrasco Moreno provides no case law for the proposition that this Court has authority to order the return of a habeas petitioner, either through a TRO or otherwise, to remedy a lack of "proper resources or support necessary" to return to one's home. *See* Mot. ¶ 25; *see generally id.*

Accordingly, Carrasco Moreno is not entitled to the emergency relief he requests, and his Motion is denied.

## II.    PETITION FOR A WRIT OF HABEAS CORPUS

In his Petition, Carrasco Moreno argues that his detention is unlawful and asks the Court to order his release or a bond hearing. Pet. ¶¶ 50–57; *id.* at 12.

Carrasco Moreno came to the United States in 2005 and has resided here ever since. *Id.* ¶ 28. He is married to a U.S. citizen and has an approved Form I-130 petition, as well as a pending Form I-601A petition. *Id.* Carrasco Moreno's removal proceedings were administratively closed on August 25, 2025, to allow adjudication of the I-601A petition. *Id.* ¶ 5.

---

[1] Respondents state that Carrasco Moreno was transferred to Los Angeles, not Estancia, New Mexico. Resp. 23. To the extent this is accurate, it does not change the Court's analysis.

Approval of Carrasco Moreno's I-601A petition "would provisionally waive [his] unlawful presence ground of inadmissibility" and allow him "to depart the United States and process his visa at a consulate and return to the United States thereafter." *Id.* ¶ 29.  However, on February 21, 2026, immigration authorities detained Carrasco Moreno, and "DHS filed a motion to recalendar his proceedings." *Id.* ¶ 31.  In its Show Cause Order the Court noted that, "[a]s alleged, [Carrasco Moreno's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)."  Show Cause Order 2.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Carrasco Moreno's case warrant a different outcome." *Id.*

Respondents argue that Carrasco Moreno's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.

Carrasco Moreno argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 50–57.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Carrasco Moreno's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Carrasco Moreno's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on

3

this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–23, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between Carrasco Moreno's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Carrasco Moreno's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

## III.   CONCLUSION

After careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to

---

[2] To the extent there are fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3, 23, and therefore grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Carrasco Moreno's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, **on or before March 27, 2026**, Respondents shall either: (1) provide Carrasco Moreno with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Carrasco Moreno's continued detention; or (2) release Carrasco Moreno from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before March 27, 2026**, Respondents shall **FILE** notice informing the Court whether Carrasco Moreno has been released from custody. If Carrasco Moreno has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Carrasco Moreno is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that Carrasco Moreno's Motion, ECF No. 5, is **DENIED**.

**There will be no extensions of the March 27, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

---

[3] As to Carrasco Moreno's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**SO ORDERED**.

**SIGNED this 20th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE